Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LINSON TARA,<br><br>              Plaintiff,<br><br>    v.<br><br>OFFICER BRENT FRANK, OFFICER MIKE BOEHMER, and the CITY OF TUKWILA, a municipal corporation,<br><br>              Defendants. | No. 2:16-cv-00148-JCC<br><br>AMENDED COMPLAINT |

COMES NOW the Plaintiff, and alleges as follows:

## I.    INTRODUCTION

1.1    This case arises out of the use of excessive force by two Tukwila Police Officers, Officer Brent Frank and Officer Mike Boehmer, when arresting Linson Tara on suspicion of trespassing in the parking lot and loading dock area of a United Parcel Service facility. The officers used closed strikes to the face and head, electric shock by Taser darts, and canine bites for "pain compliance," all of which was captured on a dash-cam video. The City of Tukwila ratified all these uses of force as "within policy," showing that the policy of the City of Tukwila authorized and caused the use of excessive force on Mr. Tara.

1.2    Plaintiff seeks an award of damages, as well as a declaration that the City of Tukwila's policy authorizing use of canine bites for "pain compliance" to take persons into custody is unconstitutional, and an order enjoining further implementation of that policy.

AMENDED COMPLAINT - 1

No. 2:16-cv-00148-JCC

10969.1 jb267101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## II. PARTIES

2.1 Plaintiff Linson Tara is an individual, and a resident of King County Washington.

2.2 Officer Brent Frank is a police officer for the Tukwila Police Department, located in King County, Washington, which is within the Western District of Washington. Officer Frank is indemnified by the City of Tukwila for judgments against him for actions committed within the scope of his employment.

2.3 Officer Mike Boehmer is a police officer for the Tukwila Police Department, located in King County, Washington, which is within the Western District of Washington. Officer Boehmer is indemnified by the City of Tukwila for judgments against him for actions committed within the scope of his employment.

2.4 Defendant City of Tukwila, including its Police Department, is a municipal corporation formed under the laws of the State of Washington.

## III. JURISDICTION AND VENUE

3.1 The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

3.2 Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and at least some of the Defendants reside in this District. 28 U.S.C. § 1391.

## IV. SCOPE OF EMPLOYMENT AND COLOR OF LAW

3.1 At all times relevant to Plaintiff's claims, Defendant Frank acted within the scope and authority of his employment with the Tukwila Police Department, and all of his acts and omissions described in this Complaint were under color of law within the meaning of 42 U.S.C. § 1983.

3.2 At all times relevant to Plaintiff's claims, Defendant Boehmer acted within the scope and authority of his employment with the Tukwila Police Department, and all of his acts and omissions described in this Complaint were under color of law within the meaning of 42 U.S.C. § 1983.

AMENDED COMPLAINT - 2

No. 2:16-cv-00148-JCC

10969.1 jb267101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## IV.   FACTUAL ALLEGATIONS

4.1   On August 22, 2014, Tukwila Officers Brent Frank and Mike Boehmer were dispatched to the United Parcel Service freight facility in Tukwila, Washington, in response to a call that a man was "in the freight yard walking around, yelling, and dancing."

4.2   When the officers arrived, they saw a man later identified at Plaintiff Linson Tara standing in the freight yard with one hand on his hip and the other hand with palm faced up. Several men wearing work clothes were also present. Everything from this point forward was captured on the dashboard camera of Officer Frank's police vehicle.

4.3   On the video, Officer Frank approaches Mr. Tara and grabs his left arm above the elbow. Officer Frank then grabbed Mr. Tara's left arm in a two-handed hold and began to escort him to the front of his patrol car. At that point, Officer Boehmer arrived on the scene.

4.4   When Mr. Tara turned away from Officer Frank, Officer Frank grabbed Mr. Tara around the neck and bent him over backward onto the hood of his patrol car. Officer Boehmer then took control of Mr. Tara's left arm, briefly using a counter-joint measure.

4.5   After experiencing some difficulty removing the Taser from his belt, Officer Boehmer released Mr. Tara's arm, which fell limp to the hood of the car. Officer Boehmer then used two hands to remove his Taser from his belt.

4.6   At this point, Officer Frank lifted Mr. Tara up off the hood of the car, twisted him around, and forcefully slammed him face up onto the pavement. With his knee on Mr. Tara's body, Officer Frank then struck Mr. Tara in the face and head six times with a closed fist.

4.7   As Officer Frank was punching Mr. Tara, Officer Boehmer shot his Taser darts into Mr. Tara's abdomen, then brought the Taser gun down to Mr. Tara's leg to apply an electric shock to Mr. Tara's body.

4.8   Officer Frank then pushed on Mr. Tara's body to roll him face down on the pavement.

AMENDED COMPLAINT - 3

No. 2:16-cv-00148-JCC
10969.1 jb267101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

4.9     At that moment, Officer Frank released his police canine, "Ace," from the patrol car, and the dog arrived at Mr. Tara's body and began biting at his legs. While sitting on top of Mr. Tara, Officer Frank repositioned the canine to an exposed section of Mr. Tara's leg.

4.10    As the canine continued to bite at Mr. Tara's legs, a third officer (Officer Don Ames) arrived on the scene, walks to Mr. Tara, places his knee on Mr. Tara's head, and places handcuffs on Mr. Tara. Several seconds later, Officer Frank removed the canine from Mr. Tara and placed the canine back in the patrol car.

4.11    Officer Ames then rolled Mr. Tara part way over, and he and Officer Boehmer looked at his face. On the video, Mr. Tara's head appears limp. When Officer Ames released him, Mr. Tara's body flopped limply to the pavement. On the video, it appears that Mr. Tara was unconscious.

4.12    Officer Ames then rolled Mr. Tara onto his back and removed the Taser probes from his abdomen. Officer Ames then lifted him by his collar to a kneeling position, and then he and Officer Boehmer lifted Mr. Tara to his feet and helped him out of the picture, presumably to another patrol car. During this process, Mr. Tara appears unconscious or barely conscious.

4.13    Officers then transported Mr. Tara to a local hospital, where he was treated for his injuries, including the dog bites on his legs and buttock.

4.14    The above described actions violated Plaintiff's constitutional rights to be free from unreasonable seizure, including excessive force during his arrest, and caused him physical and emotional pain, harm, and suffering.

## V.     INJUNCTION ALLEGATIONS

5.1     In his sworn police report and use of force report, Officer Frank stated that the "deploy[ed] PSD Ace to assist in providing pain compliance on TARA." Officer Frank further reported that "PSD Ace was effective as a pain compliance tool and in aiding in taking TARA into custody."

AMENDED COMPLAINT - 4

No. 2:16-cv-00148-JCC

10969.1 jb267101

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

5.2     One or more reviewing supervisors approved of the uses of force in this incident, including the use of PSD Ace for "pain compliance," as reported by Officer Frank, stating that the "use of force appears appropriate."

5.3     It is the policy of the City of Tukwila that officers are authorized to deploy canines to bite suspects for purposes of "pain compliance" to aid in taking a person into custody.

## VI.    CAUSE OF ACTION

*(Violations of the Fourth Amendment under 42 U.S.C. § 1983)*

6.1     By their acts and omissions described above, Defendants violated Plaintiff Tara's Fourth Amendment rights to be free from unreasonable seizures, including excessive force, and caused him physical and emotional pain, harm, and suffering.

6.2     By its acts and omissions described above, Defendant City of Tukwila a policy, practice, or custom that permits and authorizes the use of excessive force, and that this policy, practice, or custom caused the officers in this case to use excessive force on Plaintiff.

## VII.    REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

7.1     A declaration that Defendants' actions violated the civil rights of Plaintiff;

7.2     A declaration that Defendant City of Tukwila's policy that authorizes the deployment of canines to bite suspects for purposes of "pain compliance" to take such persons into custody is unconstitutional;

7.3     An order enjoining Defendants from future violations of civil rights of Plaintiff;

7.4     And order enjoining Defendant City of Tukwila from implementing a policy that authorizes the deployment of canines to bite suspects for purposes of "pain compliance" to take such persons into custody.

7.5     Damages for physical harm and pain and suffering;

7.6     Damages for emotional distress and harm;

7.7     Damages for past and future medical care;

7.8     Punitive damages against the individual defendants

AMENDED COMPLAINT - 5

No. 2:16-cv-00148-JCC

10969.1 jb267101

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

7.9 Pre-judgment and post-judgment interest on any awarded amounts;

7.10 Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law.

7.11 Other declaratory and injunctive relief as the Court deems just and equitable.

7.12 The right to conform the pleadings to the evidence presented.

DATED this 29th day of February, 2016.

                              MacDONALD HOAGUE & BAYLESS

                              By: [signature]
                                  Joe Shaeffer, WSBA # 33273
                                  josephs@mhb.com
                                  Attorney for Plaintiff

                              By: *s/ David Whedbee*
                                  David J. Whedbee, WSBA # 35977
                                  davidw@mhb.com
                                  Attorneys for Plaintiff

AMENDED COMPLAINT - 6

No. 2:16-cv-00148-JCC

10969.1 jb267101

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed this document entitled **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

<u>Counsel for Defendants</u>

Rachel B. Turpin
Kenyon Disend, PLLC
11 Front Street S
Issaquah, WA 98027-3820
Telephone: (425) 392-7090
Fax: (425) 392-7071
Email:  rachel@kenyondisend.com

Andrew Cooley
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Suite 4141
Seattle, WA 98104-3175
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: acooley@kbmlawyers.com

DATED this 29th day of February, 2016, at Seattle, Washington.

_____
Esmeralda Valenzuela, Legal Assistant

AMENDED COMPLAINT - 7

No. 2:16-cv-00148-JCC

10969.1 jb267101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961